■ In the Matter of SCOTT COOK, Respondent, v SANDRA JASINSKI, Appellant. [798 NYS2d 834]—

Appeal from an order of the Family Court, Erie County (Rosalie S. Bailey, J.), entered March 5, 2004 in a proceeding pursuant to article 6 of the Family Court Act. The order denied respondent's application for counsel fees.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the matter is remitted to Family Court, Erie County, for a hearing on counsel fees.

Memorandum: Family Court erred in denying the application of respondent for counsel fees based solely upon her possible eligibility for assigned counsel. Family Court Act § 262 (a) provides in relevant part that the court shall advise a person entitled to the assistance of counsel pursuant to Family Court Act § 262 (a) (i) through (viii) that he or she "has the right to be represented by counsel of his [or her] own choosing, of [the] right to have an adjournment to confer with counsel, and of [the] right to have counsel assigned by the court in any case where he [or she] is financially unable to obtain the same." The right to assigned counsel, however, may be waived (*see Matter of F. Children*, 199 AD2d 81 [1993]), and a party who chooses to waive that right is not foreclosed from retaining private counsel and thereafter seeking counsel fees resulting from that representation. In assessing whether respondent herein is entitled to counsel fees, the court should have conducted a hearing to determine the relative equities and financial circumstances of the parties (*see Matter of Mina v Weber*, 309 AD2d 1252 [2003],

citing Domestic Relations Law § 237 and *Matter of Mullen v Just*, 288 AD2d 476, 477 [2001], *lv denied* 97 NY2d 613 [2002], *cert denied* 537 US 820 [2002]). "In the final fixation of counsel fees, the court should base its determinations upon testimonial and other trial evidence of the financial condition of the parties . . . unless the parties have stipulated otherwise" (*Olsan v Olsan*, 100 AD2d 776, 777 [1984], *appeal dismissed* 63 NY2d 649 [1984]). We therefore reverse the order and remit the matter to Family Court to conduct a hearing on the issue of respondent's entitlement to counsel fees in accordance with our decision herein. Present—Pigott, Jr., P.J., Gorski, Smith, Pine and Lawton, JJ.